UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-419 JGB (SHKx)** | Date | January 25, 2023 |
|---|---|---|---|
| Title | ***Vidal Coronel v. Mercedes Benz USA LLC, et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order to Show Cause re Failure to Prosecute (IN CHAMBERS)**

On April 28, 2022, Plaintiff filed a first amended complaint against Defendant. ("FAC," Dkt. No. 13.) On May 12, 2022, the parties stipulated to extend Defendant's time to respond to the FAC by not more than 30 days—that is, by June 10, 2022. Defendant has failed to do so. To date, Defendant has not filed a responsive pleading.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because their case has laid dormant for more than half a year.

Accordingly, the Court orders Plaintiff to show cause in writing no later than **February 3, 2023**, why this action should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**